### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AIKINS FRIMPONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. CIV-05-886-F |
| | ) |
| BUREAU OF PRISONS, et al., | ) |
| | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

Plaintiff, a prisoner appearing pro se, filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), purporting to allege various violations of his constitutional rights by United States Marshal John Thomas.[1]  United States District Judge Stephen Friot has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

At the time he filed this action, Plaintiff was apparently being detained at the Grady County Jail, and he filed this action seeking access to a law library or legal materials, which he alleged were promised to him by John Thomas.  Complaint, p. 1, unnumbered page 3,  numbered page 3 (sequentially p. 4).[2]  Plaintiff further complains about the food he was being served because he is diabetic, and he asserts that he is due

---

[1] Plaintiff actually purports to bring this action pursuant to 42 U.S.C. § 1983, but the undersigned has liberally construed it as a Bivens action.  Additionally, although Plaintiff lists the Bureau of Prisons and the United States Marshal in the caption of his Complaint, the only Defendant named within the Complaint is John Thomas, who he lists as the United States Marshal.

[2] In part, Plaintiff's complaint reads as a habeas action or action pursuant to 28 U.S.C. § 2255, attacking his federal court conviction.  However, the undersigned has construed it simply as an action seeking access to legal materials in order to file his habeas or § 2255 action.

to see a "nurology" after a prior prostate cancer surgery.[3]  Complaint, unnumbered p. 3.

The undersigned takes judicial notice that Plaintiff plead guilty in federal court in the Southern District of Iowa, to one count of conspiracy to distribute crack cocaine, apparently after delivering crack cocaine to a narcotics agent.  See Southern District of Iowa PACER, Case No. 3:03-cr-00018-RP-TJS, <https://ecf.iasd.uscourts.gov/cgi-bin/login. pl?744894351484202-L_238_0-1> (Judgment and Sentence in a Criminal Case) (Accessed September 30, 2005), see also Complaint, p. 2.  On February 3, 2005, he was sentenced to 86 months imprisonment.  Id.  Somehow thereafter he apparently was placed in the Grady County Jail and filed the instant action.

In conducting an initial review of Plaintiff's complaint, the undersigned consulted the Bureau of Prisons' website, which indicated that Plaintiff was incarcerated at the United States Penitentiary in Atlanta, although he had not filed a change of address with this    Court.    See    <http://www.bop.gov/iloc2/InmateFinderServlet?Transaction =NameSearch &needingMoreList=false&LastName=Frimpong&Middle=&FirstName= Aikins&Race=U&Sex=U&Age=&x=21&y=22> (Accessed September 30, 2005).  Because Plaintiff's requested relief is that he be transferred to a facility where he would have access to legal materials to aid in his effort to obtain habeas corpus relief in the Southern District of Iowa, and in light of his transfer from the Grady County Jail, it appeared that his claims were moot.  Therefore, the undersigned entered an order on August 31, 2005, directing Plaintiff to show cause no later than September 26, 2005 why this action should

---

[3] The undersigned assumes that Plaintiff most likely is referring to a urologist regarding his prior prostate cancer surgery.

not be dismissed.[4]  Said order was mailed to Plaintiff at both the Grady County Jail and to the address in Atlanta, Georgia, procured from the Bureau of Prisons' website.   In accordance with this Court's local rules, "[p]apers sent by the Court will be deemed delivered if sent to the last known address given to the Court."  Local Civil Rule 5.5(a).

Plaintiff has not responded to the August 31, 2005 order, nor has he informed the Court of his change of address as required by Local Civil Rule 5.5(a).  It is incumbent on litigants, even pro se, to timely respond to orders of the Court and to follow the local rules, especially those as nonburdensome as Local Civil Rule 5.5.   See Bradenburg v. Beaman, 632 F.2d 120, 122 (10th Cir. 1980).  Plaintiff's lack of interest in maintaining this litigation is obvious from his failure to inform the Court of his apparent change of address and his failure to respond to the Court's August 31, 2005. This lack of interest combined with the fact that the matter appears to the undersigned to have been rendered moot by Plaintiff's transfer, coupled with the Court's inherent power to manage judicial resources warrants dismissal of this action without prejudice.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that this action be dismissed without prejudice.  Plaintiff is advised of his right to file an objection to this Report and

---

[4] Plaintiff alternatively requests that he be released from incarceration.  As a federal prisoner serving a term of imprisonment imposed by the Southern District of Iowa, that Court has exclusive jurisdiction over Plaintiff 's request for relief pursuant to 28 U.S.C. § 2255.  Bradshaw v. Story, 86 F.3d 164, 165 (10th Cir. 1996)(a 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence).  The undersigned takes judicial notice that Plaintiff has filed an application for habeas corpus relief pursuant to 28 U.S.C. § 2255 in the Southern District of Iowa in the case of Frimpong v. United States, Case No. 4:05-cv-00456-RP.  In the August 31 order, the undersigned noted that Plaintiff's transfer to the United States Penitentiary in Atlanta has likely mooted Plaintiff's claims regarding the denial of a diabetic diet and his assertion that he is scheduled to see a physician regarding his prostate cancer as well.  He was directed to address those issues in his response to the August 31 order if he believed they were not mooted by his transfer.

Recommendation with the Clerk of this Court on or before October 20, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Plaintiff is further advised that failure to file a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter. The Court Clerk is directed to send this order to Petitioner at the address he has provided and to his address at the United States Penitentiary, Atlanta.

   **IT IS SO ORDERED this 30th day of September, 2005.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE